UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK J. HOWARTH,

    Plaintiff,

v.                                             Case No. 3:24cv423-MW-HTC

VINCE MONTGOMERY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark J. Howarth, a prisoner proceeding *pro se*, initiated this matter by filing a civil cover sheet, Doc. 2, and a handwritten complaint asserting claims arising out of the conditions of his confinement, Doc. 1. Upon review, Plaintiff's case should be dismissed because Plaintiff is a three-striker who failed to pay the Court's filing fee and cannot proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a three-striker. The Court takes judicial notice that Plaintiff has had the following cases dismissed for failure to state a claim or as frivolous: *Howarth v. Vince B. Montgomery, et al.*, No. 6:11-cv-544-Orl-28GJK, at Doc. 4 (M.D. Fla. Apr. 8, 2011); *Howarth v. Robert Wesley, et al.*, No. 6:11-cv-551-Orl-28DAB, at Doc. 4 (M.D. Fla. Apr. 8, 2011); *Howarth v. Steven S. Graves, et al.*, No. 6:11-cv-553-Orl-31GJK, at Doc. 4 (M.D. Fla. Apr. 11, 2011).

In addition, Plaintiff has not shown he is in "imminent danger" of physical harm. From what the Court can discern, Plaintiff complains about being housed in an upper tier cell, despite having a lower bunk and lower tier cell pass. Plaintiff alleges he fell from a top bunk on one occasion in 2015, but also alleges his lower bunk pass was renewed after that fall. Regardless, because the fall occurred in the

past, that cannot establish imminent danger of serious physical injury.[1]  *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]").

Plaintiff also complains about a "pattern and practice of fraud, on and across many information platforms." Doc. 1 at 4.  This allegation clearly does not show that he is imminent danger of physical injury.  Also, while Plaintiff alleges that he is suffering "extreme duress, internal physical infection, and other injuries to [his] person," such generalized allegations fail to demonstrate that Plaintiff is in imminent danger of serious physical injury.  *See Sutton v. Dist. Attorney's Off., of Gwinnett Superior Ct., Ga.*, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (citations omitted).

In addition, Plaintiff complains that he was unlawfully seized by a police officer in December 2008 and makes allegations related to his criminal proceedings

---

[1]  Plaintiff does not allege he is currently assigned to an upper bunk.

in state court. These allegations are also not sufficient to meet the imminent danger exception.

Finally, at least one other court has previously dismissed Plaintiff's case based on his three-striker status. *See Howarth v. James O'Hern, et al.*, No. 6:11-cv-622-Orl-35KRS, at Doc. 4 (M.D. Fla. May 25, 2011) (recognizing Plaintiff as a three-striker and dismissing the case). Thus, Plaintiff knew he needed to assert allegations to meet the imminent danger exception or pay the filing fee. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). Plaintiff's failure to do so is malicious and an abuse of the judicial process.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28. U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 10th day of September, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.